UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HECTOR MIRANDA, MICHAEL HERNANDEZ and OSCAR MALDONADO, individually, and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. SA17-CV-117 |
| OVERWATCH ENTERPRISES, LLC and DAVID LANCE ROSE, individually, | § § § § | JURY DEMANDED |
| Defendants. | § § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### PRELIMINARY STATEMENT

Overwatch Enterprises, LLC and David Lance Rose, one of Overwatch Enterprises, LLC's managing members (together, "Defendants"), violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay their security guard employees for all hours worked and for overtime. Hector Miranda, Michael Hernandez, and Oscar Maldonado (together, "Plaintiffs") bring this collective action on behalf of themselves and all those similarly situated to recover the unpaid wages owed to them resulting from this violation of law.

### PARTIES

1. Defendant Overwatch Enterprises, LLC ("Overwatch") is a Texas Limited Liability Company and may be served by serving David Lance Rose, its agent for service of process, at 1846 River Bluff Circle, Pipe Creek, Texas 78063, or wherever he may be found.

2. Defendant David Lance Rose ("Rose") is a Managing Member of Overwatch, and may be served by serving him at 1846 River Bluff Circle, Pipe Creek, Texas 78063, or wherever he may be found.

3. At all relevant times Rose acted and acts directly in the interest of Overwatch in relation to its failure to pay overtime. Thus, he was and is an additional employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is jointly, severally, and individually liable for the unpaid wages, liquidated damages, and attorneys' fees, along with Overwatch.

4. Upon information and belief, Rose exercised operational control of Overwatch by, among other things, controlling the company's finances, and managing the services provided for its clients' premises.

5. Upon information and belief, Rose is the ultimate decision maker with respect to the classification and pay rates paid to Plaintiffs and all others similarly situated. Upon information and belief, Rose directly managed and ran the monthly payroll for all of Defendants' locations.

6. Rose had the authority to hire and fire Plaintiffs and all others similarly situated.

7. Plaintiffs each worked for Defendants in Dimmit County, Texas, during the three year period preceding the filing of this Complaint. Plaintiffs each reside in Dimmit County, Texas. Their consents to participate in this action are attached as Exhibits A, B, and C.

8. Plaintiffs Miranda, Hernandez, and Maldonado are referred to herein as the "Security Guards" or "Plaintiffs."

9. Other similarly situated employees have worked for Defendants without getting paid overtime under the FLSA. Each similarly situated person who participates as a plaintiff in

this lawsuit ("Opt-in Plaintiff Class Member") will execute and file a Notice of Consent. Individuals similarly situated to Miranda, Hernandez and Maldonado are the security guards paid on a "daily" or per-shift basis who work or have worked for Defendants more than forty (40) hours per workweek and were not paid overtime, from three years prior to the filing of this Complaint to the present (collectively, the "Members of the Class").

## JURISDICTION

10. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs have asserted a claim arising under federal law, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## VENUE

11. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b) because Defendants regularly conduct business in this District and the events forming the basis of the suit occurred in this District.

## FLSA COVERAGE

12. At all times mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times mentioned, Defendants have been enterprises engaged in interstate commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. § 203(s)(l). Defendants have had employees engaged in interstate commerce, and Defendants have had and have an annual gross volume of sales made or business done of not less than $500,000 during the relevant time period.

15. At all times mentioned, Plaintiffs and the Members of the Class were and/or are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS AND STATEMENT OF CLAIMS

16. Defendants own and operate a security firm offering turnkey video surveillance, gate guard, and reporting solutions to oil and gas companies throughout Texas, Louisiana, and Canada. Defendants employ hundreds of employees. Defendants are well aware of the FLSA's requirements. On information and belief, Defendant Overwatch also accepts payments from its clients through credit cards.

17. The Security Guards are aware of other current and former employees who are similarly situated in that they are Security Guards who are not paid for all hours worked and are not exempt. Defendants have implemented and applied the same policies for its employees who work as security guards. Therefore, pursuant to 29 U.S.C. § 219(b), the Security Guards sue on behalf of themselves and all other employees regardless of their title who are similarly situated employees. The Security Guards also request that the Court authorize their counsel to provide notice to similarly situated employees without regard to their job title during the pendency of this action and apprise them of their right to join this lawsuit.

18. The Security Guards log vehicles that enter and exit the premises gate, perform visual inspections inside of vehicles for items that are prohibited on the premises, record information regarding the drivers and passengers entering and exiting the premises, file incident reports for damaged property or suspicious activity, contact law enforcement when an unauthorized person is identified on the premises, and perform similar non-exempt duties. They do not perform exempt work and are not otherwise exempt from the FLSA requirements to pay

time and a half for time worked over forty (40) hours in a workweek. In performing their duties, the Security Guards were employees engaged in commerce by securing goods or materials that have been moved in and/or produced for commerce within the meaning of the FLSA.

19. Plaintiffs regularly worked sixty (60) or more hours in a week and often worked as much as eighty four (84) hours per week. Plaintiffs' scheduled shifts were from 6:00 a.m. to 6:00 p.m., Monday to Friday. In most weeks, however, Plaintiffs worked from 6:00 a.m. to 6:00 p.m., Monday to Sunday.

20. Defendants told their employees that they were not entitled to be paid time and one-half for their hours worked over forty (40) in a work week because they were classified as "salaried independent contractors."

21. On information and belief, Defendants classified all of their employees in all positions as "salaried independent contractors."

22. Plaintiffs were not salaried. They were paid $125 per shift, and therefore their weekly pay would vary according to the number of shifts they worked per week.

23. Plaintiffs were also not salaried or even paid a true day-rate because Defendants would deduct wages from Plaintiffs' paychecks when Plaintiffs would work less than a twelve-hour shift. For example, when Plaintiff Hector Miranda left a shift two hours early for a doctor's appointment, Defendants deducted $50 from his corresponding paycheck.

24. The fact that their wages reduced when they worked a shift that was less than twelve hours belies the claim that the Security Guards were paid salaries or on a day-rate.

25. Plaintiffs and the Members of the Class were not independent contractors, but were employees of Defendants.

26. The services provided by Plaintiffs and the Members of the Class were integrated into Defendants' business operation.

27. All services provided for Defendants by Plaintiffs and the Members of the Class were required by Defendants to be performed by them personally.

28. Plaintiffs and the Members of the Class did not have the capability or authority to hire, supervise, or pay assistants to help them perform the services that they were being paid to perform.

29. The relationships between Defendants and Plaintiffs (and the Members of the Class) were continuing relationships.

30. Defendants set all days and hours of work for Plaintiffs and the Members of the Class, and required that such work be performed at Defendants' places of business only.

31. Plaintiffs and the Members of the Class were prohibited from setting their own work schedule.

32. Plaintiffs and the Members of the Class were required by Defendants to devote their full time to their job at Defendants' places of business and were prohibited from performing any other work.

33. Defendants provided Plaintiffs and the Members of the Class all materials, equipment, and supplies to perform their work, thus there were no business and/or traveling expenses. Specifically, Defendants provided Plaintiffs with their uniforms, iPads, guard stations, and all other materials, equipment, and supplies.

34. Plaintiffs and the Members of the Class had no investment in the facilities where they were required to perform their jobs.

35. Plaintiffs and the Members of the Class had no opportunity to realize either a profit or a loss, other than their non-guaranteed wages.

36. Plaintiffs and the Members of the Class did not and were not able to make their services available to the general public.

37. Plaintiffs and the Members of the Class were subject to termination for reasons other than nonperformance of contract specifications.

38. Plaintiffs and the Members of the Class were able to terminate their relationship with Defendants without incurring liability for failure to complete a job.

39. Plaintiffs and the Members of the Class were, therefore, employees of Defendants, and not independent contractors.

40. Plaintiffs and the Members of the Class were required to work specific and set hours, which significantly exceeded forty (40) hours per workweek.

41. Defendants made no income withholdings from the wages paid to the Plaintiffs or the Members of the Class for federal income tax, thereby avoiding paying thousands of dollars in required federal employment-related taxes.

42. Defendants made no guaranteed minimum pay per week, such that Plaintiffs and the Members of the Class were paid only when they worked, and with no minimum workweek being guaranteed.

43. Plaintiffs and the Members of the Class were not guaranteed any specific number of paid hours in any workweek and they were not paid on a salary basis. Specifically, if a Plaintiff, or any of the Members of the Class, worked less than a twelve hour shift, the Defendants would deduct wages from the corresponding paycheck.

44. Defendants' conduct described above constitutes a willful and intentional violation of the FLSA. Defendants are aware of their responsibility to pay Plaintiffs and the Members of the Class for all hours worked, including all overtime paid at one and one-half times the regular rate. Defendants are well aware of the number of hours their employees work, but Defendants still refuse to pay overtime for hours worked over forty (40) in a workweek.

## INDIVIDUAL ALLEGATIONS

45. Section 7(a)(1) of FLSA, 29 U.S.C. § 207(a), provides:

> "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

46. During the relevant period, Plaintiffs regularly worked more than forty hours in a workweek. They were entitled to be paid overtime compensation as provided under Section 7(a) of the FLSA, 29 U.S.C § 207(a), for all hours worked in excess of forty hours in a workweek.

47. No exemption excused Defendants from paying Plaintiffs overtime compensation and Defendants have not made a good faith effort to comply with the FLSA. Defendants instead knowingly, willfully, or with reckless disregard carried out an illegal pattern or practice regarding the amounts Plaintiffs were paid. Defendants' failure to pay Plaintiffs for all overtime worked is and was a clear violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48. The Members of the Class had similar schedules and responsibilities as Plaintiffs. The Members of the Class were subjected to the same pay practices and policies as the Plaintiffs. The Members of the Class are similarly situated Security Guards.

49. Although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are similarly situated in terms of pay provisions.

50. Defendants' failure to pay overtime compensation as required by the FLSA results from generally applicable policy, practices, and enforced job requirements that do not depend on the personal circumstances of the Members of the Class. The generally applicable policies are specifically prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experience of the Members of the Class.

51. No justification exists for Defendants' failure to pay the Members of the Class for all hours worked. Likewise, no exemption exists to excuse Defendants' failure to pay overtime pay for all hours worked over forty (40) hours per workweek. Defendants have not made a good faith effort to comply with the FLSA with respect to the Members of the Class. The Members of the Class are not independent contractors. Instead, Defendants knowingly, willfully, with intent or with reckless disregard carried out an illegal pattern or practice regarding the amount the Members of the Class were paid. Defendants' failure to pay the Members of the Class for all overtime worked is and was a clear, willful, and intentional violation of the FLSA.

52. Plaintiffs and the Members of the Class have consistently worked more than forty (40) hours in most workweeks.

53. Plaintiffs and the Members of the Class have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in most workweeks since at least February of 2014.

54. Plaintiffs and the Members of the Class are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period of approximately early 2014 to the present.

55. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All current and former Security Guards and other misclassified independent contractors and/or employees of Defendants performing security and/or surveillance duties regardless of the title they were initially or later given by Defendants, who worked more than forty (40) hours in a workweek and were not paid overtime for the hours in excess of forty (40) during the three year period preceding the filing of this Complaint.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

56. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth in their entirety.

57. During the relevant period, Defendants violated Section 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Plaintiffs and the Members of the Class work more than forty (40) hours in a workweek without receiving pay at one and one-half times their regular rates for all hours worked in excess of forty (40) hours. Defendants have acted willfully in failing to pay Plaintiffs and the Members of the Class in accordance with the law. *See* 29 U.S.C. § 255(a).

58. Plaintiffs and the Members of the Class are therefore entitled to their unpaid wages at one and one-half times their regular pay for all hours worked in excess of forty hours in a workweek.

59. Plaintiffs and the Members of the Class are entitled to an additional amount equal to all of their unpaid overtime compensation as liquidated damages.

60. Plaintiffs and the Members of the Class also are entitled to reasonable attorneys' fees, costs and expenses, and pre- and post-judgment interest. *See* 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

## RELIEF SOUGHT

Plaintiffs and the Members of the Class request judgment against Defendants awarding:

a. Unpaid overtime wages due to Plaintiffs and the Opt-in Plaintiff Class Members;

b. Liquidated damages equal in amount to the unpaid overtime wages due to Plaintiffs and the Opt-in Plaintiff Class Members;

c. Reasonable attorneys' fees;

d. Costs and expenses;

e. Pre- judgment and post-judgment interest at the highest rates allowed by law; and

f. Such other relief as may be necessary and appropriate.

Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
State Bar No. 10474900
jspencer@spencerscottlaw.com
Spencer Scott pllc
Three Forest Plaza
12221 Merit Dr., Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFFS HECTOR MIRANDA, MICHAEL HERNANDEZ AND OSCAR MALDONADO**

# EXHIBIT A
Consent Form – Hector Miranda

| IN RE: OVERTIME ACTION AGAINST | |
|---|---|
| OVERWATCH ENTERPRISES, LLC and DAVID LANCE ROSE | **NOTICE OF CONSENT** |

    I, the undersigned, an employee currently or formerly employed by Overwatch Enterprises, LLC and David Lance. Rose, hereby consent to be a party plaintiff in an action to collect unpaid wages.

_Hector Adolfo Miranda_
Full Legal Name (Print)

_Hector A. Miranda_
Signature

02-15-2017
Date

# EXHIBIT B
Consent Form – Michael Hernandez

```
┌─────────────────────────────────────┐
│ IN RE:  OVERTIME ACTION AGAINST     │
│                                     │         **NOTICE OF CONSENT**
│ OVERWATCH ENTERPRISES, LLC and      │
│ DAVID LANCE ROSE                    │
└─────────────────────────────────────┘
```

    I, the undersigned, an employee currently or formerly employed by Overwatch Enterprises, LLC and David Lance Rose, hereby consent to be a party plaintiff in an action to collect unpaid wages.

_Michael Hernandez_
Full Legal Name (Print)

_[signature]_
Signature

_2/15/2017_
Date

# EXHIBIT C
**Consent Form – Oscar Maldonado**

| IN RE: OVERTIME ACTION AGAINST OVERWATCH ENTERPRISES, LLC and DAVID LANCE ROSE | **NOTICE OF CONSENT** |
|---|---|

I, the undersigned, an employee currently or formerly employed by Overwatch Enterprises, LLC and David Lance Rose, hereby consent to be a party plaintiff in an action to collect unpaid wages.

_Oscar Maldonado_
Full Legal Name (Print)

_Oscar Maldonado_
Signature

_2/14/17_
Date